UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA PICKETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO.:   1:20-cv-1218 ) |
| TARGET CORPORATION, | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Target Corporation ("Target"), by counsel, respectfully removes the State Court case filed under Cause No.: 18C04-2003-PL-000034 to the United States District Court, Southern District of Indiana, Indianapolis Division, and in support hereof states:

1. On or about March 18, 2020, Angela Pickett, ("Plaintiff") a citizen of the State of Indiana, filed a Summons and Complaint against Target in Delaware Circuit Court #4, under Cause No.: 18C04-2003-PL-000034. (Copies of the State Court filings are attached hereto as Exhibit "A").

2. The Summons and Complaint were served on Target via certified mail; however, the date of service is unknown as the court's docket does not reflect service. On or about March 30, 2020, undersigned counsel entered his Appearance on behalf of Target.

3. The parties are of diverse citizenship:

   a. Plaintiff is domiciled in the State of Indiana. (Complaint, para. 1)

      b.   Target is a corporation incorporated pursuant to the laws of the State of Minnesota with a principal place of business located in Minneapolis, Minnesota. (Complaint, para. 2)

      c.   There are no other named parties.

4.   This is a personal injury action. According to the Complaint, on or about October 28, 2019, Plaintiff alleges that, as a result of Target's negligence, she slipped and fell on a liquid substance which had allegedly accumulated on the floor of the store, which caused her to sustain bodily injuries. (Complaint, para. 4 and 6).

5.   Plaintiff seeks damages including, but not limited to, various injuries, medical expenses, pain and suffering and permanent injuries. (Complaint, para.8).

6.   The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

7.   A removing Defendant need only show by a preponderance of the evidence facts that suggest the $75,000 jurisdictional amount set forth in 28 U.S.C. § 1332 has been satisfied. Carroll v. Stryker Corp., 658 F.3d 675, 680 (7th Cir. 2011). Once it has made this showing, jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000. Id. The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District Courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists. Id. at 680-81.

8.   The amount in controversy has been met in this situation as Plaintiff has alleged various damages, resulting from allegedly slipping and falling on a liquid substance which had accumulated on the floor at Defendant's store. Plaintiff contends that she suffered physical injuries, medical expenses, pain and suffering and permanent injuries. (Complaint, para.8). Under

any reasonable estimation of how a jury could value the elements of damages as alleged in Plaintiff's Complaint, the amount in controversy requirement has been satisfied.

9. This Court has original jurisdiction under 28 U.S.C. § 1332 for the reasons set forth above.

10. Target filed a Motion for Extension of Time to respond to Plaintiff's Complaint in the Delaware Circuit Court #4 on March 30, 2020.

11. This Notice of Removal is being filed in the United States District Court for the Southern District of Indiana, Indianapolis Division, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel. A copy of the Notice of Removal will be filed with the Clerk of the Delaware Circuit Court #4 of the State of Indiana.

13. This Notice of Removal is being filed within thirty (30) days after Target received Plaintiff's Complaint and learned that the amount in controversy exceeds $75,000.00.

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Target Corporation, by counsel, respectfully requests that this action be duly removed to this Court, and that it proceed herein.

Respectfully submitted,

COOTS HENKE & WHEELER, P.C.

/s/ Jeffrey S. Zipes
Jeffrey S. Zipes     # 15303-29
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that **on April 21, 2020**, a copy of the foregoing **Notice of Removal** was filed electronically. Notice of this filing will be sent to the following persons by e-mail transmission.

        Mr. Jason R. Delk
        Ms. Megan M. McCooe
        DELK McNALLY, LLP
        211 S. Walnut Street
        Muncie, IN 47305

        /s/ Jeffrey S. Zipes
        Jeffrey S. Zipes

COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693
(317) 573-5385 fax
Email: jzipes@chwlaw.com

4